**CARL E. DOUGLAS, Esq. (SBN 097011)**
Carl@DouglasHicksLaw.Com
**JAMON HICKS, Esq. (SBN 232747)**
Jamon@DouglasHicksLaw.Com
**BIANCA PEREZ, Esq. (SBN 327590)**
Bianca@douglashickslaw.com
**DOUGLAS / HICKS LAW, APC**
5120 W. Goldleaf Circle, Suite 140
Los Angeles, California 90056
Tel: (323) 655-6505; Fax: (323) 927-1941

**MIA F. YAMAMOTO, Esq. (SBN 51866)**
Myambone@aol.com
**LAW OFFICES OF MIA F. YAMAMOTO**
800 Wilshire Blvd., Suite 630
Los Angeles, CA. 90017
Tel: (213) 489-7361; Fax: (213) 489-9705

**CYNTHIA ANDERSON-BARKER, Esq. (SBN 175764)**
CABLaw@HotMail.com
**LAW OFFICES OF CYNTHIA ANDERSON-BARKER**
3435 Wilshire Blvd Suite 2910,
Los Angeles, CA 90010
Tel: (213) 381-3246; Fax: (213) 252-0091

**KATH ROGERS, Esq. (SBN 315067)**
Kath@NLG.LA.org
928 S. Burlington Ave. Suite 205
Los Angeles, CA. 90006
Tel: (619) 886-9259

Attorneys for Plaintiff,
**MELINA ABDULLAH**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. MELINA ABDULLAH,<br><br>            *Plaintiff,*<br><br>vs.<br><br>**CITY OF LOS ANGELES; CHARLES LLOYD BECK; JASON CURTIS;** and **DOES 1 through 20**, Inclusive,<br><br>            *Defendants.* | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **Unreasonable Search and Seizure – False Imprisonment and Arrest 42** *U.S.C.* **§ 1983;**<br><br>2. **Malicious Prosecution - 42** *U.S.C.* **§ 1983; and**<br><br>3. **Constitutional Supervisor Liability - 42** *U.S.C.* **§ 1983**<br><br>**JURY TRIAL DEMANDED** |

Dr. MELINA ABDULLAH alleges as follows:

## I.
## INTRODUCTION

1. This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution in connection with the wrongful arrest and prosecution of Dr. MELINA ABDULLAH.

## II.
## PARTIES

2. At all relevant times mentioned here, MELINA ABDULLAH, Ph.D. (hereinafter the "Dr. ABDULLAH") is an individual living in Los Angeles, CA.

3. At all relevant times mentioned here, Defendant CITY OF LOS ANGELES ("CITY") is an incorporated public entity or municipal corporation

2

duly authorized and existing under the laws of the State of California. At all relevant times mentioned here, Defendant CITY possesses the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Los Angeles Police Department and its tactics, methods, practices, customs and usage. At all relevant times mentioned here, Defendant CITY employed Defendants CHARLES LLOYD BECK, JASON CURTIS and DOES 1 through 20 as peace officers.

4. Dr. ABDULLAH is informed and believes that at all relevant times mentioned here, Defendant CHARLES LLOYD BECK ("Defendant BECK") is a resident of Los Angeles County, California. Defendant BECK is the former Police Chief of the Los Angeles Police Department ("LAPD") who is being sued in his individual capacity. At all relevant times mentioned here, Defendant BECK is a duly authorized agent and supervisory employee of Defendants CITY, and each of his other co-Defendants, who was acting under color of laws of the State of California, and within the course and scope of his respective duties as Police Chief and within the complete authority and ratification of Defendant CITY.

5. Dr. ABDULLAH is informed and believes that at all relevant times mentioned here, Defendant JASON CURTIS, Serial No. 35603 ("Defendant CURTIS") is a resident of Los Angeles County, CA. Defendant CURTIS is a Detective II police officer, assigned to the Los Angeles Board of Police Commissioners (the "Police Commission") who is being sued in his individual capacity. At all relevant times mentioned here, Defendant CURTIS is a duly authorized agent and employee of Defendants CITY, and each of his other co-Defendants, who was acting under color of laws of the State of California, and within the course and scope of his respective duties as a police officer and with the complete authority and ratification of Defendant CITY.

6. At all relevant times, Defendants BECK, CURTIS, and DOES 1 through 20, individually and as peace officers were duly appointed officers,

employees and/or agents of the CITY, subject to oversight and supervision by the CITY's elected and non-elected officials.

7. In doing the acts and failing and omitting to act as described below, each of the Defendants BECK, CURTIS, and DOES 1 through 20, individually and as peace officers, was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every Defendant. In doing the acts and failing and omitting to act as described here, Defendants BECK, CURTIS, and DOES 1 through 20 were acting on the implied and actual permission and consent of the CITY.

8. Dr. ABDULLAH is unaware of the true names and capacities of those Defendants sued here as Defendants DOES 1through 20, and therefore sues these Defendants using their fictitious names. Plaintiff will amend this Complaint to allege each Defendant's true name and capacity when that information becomes known. Plaintiff is informed and believes that each of these DOE Defendants is legally responsible and liable for the incident, injuries, and damages set forth below, and that each of these Defendants legally caused the injuries and damages by reason of the negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, and/or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances set forth below, or by reason of direct or imputed vicarious fault or breach of duty arising out of the matters alleged here.

### III.

### JURISDICTION

9. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 *U.S.C.* §§ 1983, 1985, 1986, and 1988, and the First, Fourth and Fourteenth Amendments of the United States Constitutions. Jurisdiction is founded on 28 *U.S.C.* §§ 1331, 1343, and 1367.

10. Venue is proper in this Court under 28 *U.S.C.* § 1391(b) and (c), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of Los Angeles, California.

## IV.
## FACTS COMMON TO ALL CAUSES OF ACTION

11. Dr. ABDULLAH incorporates by reference the allegations contained in paragraphs 1 through 10 above as if fully set forth here.

12. "Get Melina!" This was the command given by a Los Angeles Police Department officer, Defendant JASON CURTIS singling out Dr. MELINA ABDULLAH for arrest as she attempted to exit a public meeting of the Los Angeles Police Commission.

13. Dr. ABDULLAH is a distinguished professor and chair of the Pan-African Studies Department at California State University, Los Angeles. She is an appointed commissioner to Los Angeles County Human Relation Commission, and is the recipient of numerous awards for her community work from organizations as diverse as the YWCA, the Coalition of Mental Health Professionals and the California Teachers Association. She is also a dedicated social activist, she is a black woman; and she is a thorn in the side of the Los Angeles Police Commissioners and the LAPD.

14. As a co-founder and lead organizer for the Los Angeles chapter of Black Lives Matter ("BLM-LA"), Dr. ABDULLAH is also the face of that organization's public criticism of the LAPD. Black Lives Matter represents itself as a chapter-based, member-led organization whose mission is to build local power and to intervene in violence inflicted on Black and Brown communities by the state and vigilantes. In support of this mission, BLM-LA has publicly criticized Defendant Beck and called for his termination, and called for the replacement of

5

Police Commissioners with individuals who better represent the communities LAPD patrols.

15. Dr. ABDULLAH frequently criticizes the policies and practices of Defendant BECK and the LAPD and is a vocal supporter of the hundreds of families—disproportionately Black and Brown—whose loved ones died in the custody of the LAPD. Dr. ABDULLAH regularly exercises her constitutional right to petition the government by attending public meetings of the Police Commission and commenting on their conduct.

16. The Police Commission serves as the head of the LAPD. The civilian Commissioners function like a corporate board of directors setting policies for the Department and managing its operations. The five member Commission holds their public meetings every Tuesday at LAPD headquarters, located at 100 W. First St., Los Angeles, CA. 90012.

17. On or about May 8, 2018, at around 10:20 a.m., Dr. ABDULLAH is lawfully entering a public meeting of the Police Commission, located at 100 W. First St. Los Angeles, CA. 90012, when she sees a commotion unfolding towards the front to the auditorium. Police Commissioner Steve Soboroff directs officers to remove Mrs. Jasmyne Richards ("Mrs. Richards") a member of the public from the room. Dr. ABDULLAH had not walked far into the room as officers begin removing Mrs. Richards.

18. Dr. ABDULLAH turns and watches Mrs. Richards and the officers as they escort her out. Another member of the public, a white woman named Gina Viola Peake, stands up to watch what is happening as the police are escorting Mrs. Richards out. An individual named Sheila Hines-Brim ("Mrs. Brim"), a relative of Wakeisha Wilson who died in police custody, allegedly throws an unknown powdery substance at Defendant Beck while he was seated at the dais at the front of the room.

6

19. Defendant CURTIS is ordered to remove Ms. Brim from the room. As LAPD officers escorted Mrs. Richards and Mrs. Brim out of the room, officers blocked other members of the public from leaving. Ms. Peake repeatedly tries to push her way past the officers blocking the exit. An officer warns Ms. Peake that she will be arrested for assaulting an officer if she continues trying to push her way past again. Despite this warning, Ms. Peake once more attempts to push her way past the officer. At about the same time, Dr. ABDULLAH is attempting to videotape the removal of Mrs. Richards and Mrs. Brim.

20. Shortly after Ms. Peake's final attempt to push past the officer, Defendant CURTIS and DOES 1 through 15 yell "Get Melina!" Defendant CURTIS and DOES 1 through 15 reaches over Ms. Peake to grab Dr. ABDULLAH and places her into custody. As she is being arrested, Dr. ABDULLAH tosses personal items including her phone to Ms. Peake. (Id. at ¶9). Defendants CURTIS and DOES 1 through 15, who warn Ms. Peake that she could be arrested for assault, also attempt to grab Dr. ABDULLAH's phone. Ms. Peake tries to pull it out of the officers' hands and plays "tug of war" with the phone before Defendants CURTIS and DOES 1 through 15 release the phone.

21. Defendants CURTIS and DOES 1 through 15 subsequently arrest Dr. ABDULLAH for assault and battery. Defendant CURTIS and DOES 1 through 15 falsely allege that as CURTIS was escorting Ms. Brim out of the Police Commission hearing room, DR. ABDULLAH interfered and obstructed his efforts to arrest Ms. Brim by grabbing his right bicep with a firm "C" grip. CURTIS claims Dr. ABDULLAH's efforts briefly caused him to lose his grip on Ms. Brim as he was escorting her out of the room. In truth and in fact, Dr. ABDULLAH never touched Defendant CURTIS as he was leaving the Commission hearing room. In truth and in fact, although several police officers were interviewed who witnessed Brim being escorted out of the hearing room, no one else ever reported Dr. ABDULLAH grabbing Defendant CURTIS' arm as he alleged. In truth and in

fact Defendant CURTIS and DOES 1 through 15 maliciously, deliberately, and intentionally accused Dr. ABULLAH of assaulting and battering him knowing that allegation was false. Indeed, Ms. Peake repeatedly told arresting officers that day that she, rather than Dr. ABDULLAH, was the person who had come into contact with the Defendant CURTIS' arm.

22. As a legal result of the actions described above, on or about July 24, 2018, the Los Angeles City Attorney's Office charged Dr. ABDULLAH in Cases No. 8CJ10571 Dr. ADBULLAH in a Misdemeanor Complaint with one count of battery on a police officer, in violation of California Penal Code §§ 242/243, and obstructing a police officer, in violation of Penal Code §148 (a) (1), for acts described in this Complaint. On or about November 5, 2018, Dr. ABDULLAH filed a Motion to Dismiss for Discriminatory Prosecution the underlying charges filed against her.

23. On or about August 8, 2019, Los Angeles Superior Court Judge Songhai D. Maguda-Armstead granted the CITY's Motion to Dismiss the above-referenced charges against Dr. ABDULLAH. The CITY agreed to dismiss all charges against Dr. ABDULLAH while her Motion to Dismiss for Discriminatory Prosecution was still pending. Accordingly, there was a favorable resolution of the criminal charges against her in her favor.

//
//

8

# V.
# FOR THE FIRST CAUSE OF ACTION
## (PLAINTIFF DR. MELINA ABDULLAH
## AGAINST DEFENDANTS CITY, CURTIS,
## And DOES 1 Through 15 For
## UNREASONABLE SEARCH AND SEIZURE
## 42 U.S.C. § 1983)

24. Dr. ABDULLAH incorporates by reference the allegations contained in Paragraphs 1 through 23 above, as if fully set forth here.

25. On or before May 8, 2018, Dr. ABDULLAH enjoyed the right to be secure in her person against unreasonable searches and seizures by the CITY, as guaranteed her under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

26. On or about May 8, 2018 at about 10:20 a.m., each of the Defendants CITY, CURTIS, and DOES 1 through 15 violated Dr. ABDULLAH rights by falsely, wrongfully, and intentionally detaining, imprisoning, and arresting her.

27. As a legal result of the Defendants' actions and failures to act as described here, Dr. ABDULLAH has sustained serious damages and injuries to her mind, emotions, and reputation as a student of nonviolent, social and political activism, all in an amount to be determined according to proof at trial.

28. As a further legal result of the actions and failures to act as described here, Dr. ABDULLAH has retained counselors and advisors to examine, treat, and care for her. Thus, she has incurred costs and expenses for emotional counseling and treatment, all in an amount to be determined according to proof at trial.

29. Dr. ABDULLAH maintains that Defendants CURTIS, and DOES 1 through 15 consciously targeted Dr. ABDULLAH for detention, imprisonment, and arrest because she has been a vocal advocate at Police Commission meetings for the rights of members of the Black and Brown communities, who frequently voices

complaints against the members of the LAPD, including Defendants BECK and CURTIS. Consequently, Defendants CURTIS and DOES 1 through 15's actions were cold, calculating, willful, wanton, malicious, oppressive, and in reckless disregard for Dr. ABDULLAH's rights, justifying the imposition of exemplary and punitive damages against the individual Defendants, in an amount to be determined according to proof at trial.

30. Dr. ABDULLAH also seeks reasonable attorney fees and costs under this claim pursuant to 42 *U.S.C.* § 1988.

## VI.
## FOR THE SECOND CAUSE OF ACTION
### (DR. MELINA ABDULLAH
### AGAINST DEFENDANTS CITY, CURTIS
### And DOES 1 Through 15 For
### MALICIOUS PROSECUTION
### 42 U.S.C. § 1983)

31. Dr. ABDULLAH incorporates by reference the allegations contained in paragraphs 1 through 30 above, as if fully set forth here.

32. On and before May 8, 2018, Dr. ABDULLAH enjoyed rights guaranteed her by the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from unreasonable seizures not based on probable cause.

33. Each of the Defendants CITY, CURTIS, and DOES 1 through 15 willfully, intentionally and maliciously caused Dr. ABDULLAH to be arrested for battery on police officer though each of the Defendants knew that there was no factual basis or probable cause to support her arrest.

34. As a legal result of this malicious conduct, Dr. ABDULLAH was arrested and subsequently charged on July 24 2018 with battery on a police officer

and obstructing a police officer in the performance of his duties, in violation of California Penal Code §§ 242/243, 148.

35. On or about August 8, 2019, Los Angeles Superior Court Judge Songhai D. Maguda-Armstead granted the CITY's motion to dismiss the above-referenced charges against Dr. ABDULLAH. Accordingly, there was a favorable resolution of the criminal charges filed against her in her favor.

36. As a legal result of the Defendants' actions and failures to act as described here, Dr. ABDULLAH has sustained serious damages and injuries to her mind, emotions, and reputation as a student of nonviolent, social and political activism, all in an amount to be determined according to proof at trial.

37. As a further legal result of the actions and failures to act as described here, Dr. ABDULLAH has retained counselors and advisors to examine, treat, and care for her. Thus, she has incurred costs and expenses for emotional counseling and treatment, all in an amount to be determined according to proof at trial.

38. Dr. ABDULLAH maintains that Defendants CURTIS, and DOES 1 through 15 consciously targeted Dr. ABDULLAH for detention, imprisonment, and arrest because she has been a vocal advocate at Police Commission meetings for the rights of members of the Black and Brown communities, who frequently voices complaints against the Police Commissioners, and members of the LAPD, including Defendants BECK and CURTIS. Consequently, Defendants CURTIS and DOES 1 through 15's actions were cold, calculating, willful, wanton, malicious, oppressive, and in reckless disregard for Dr. ABDULLAH's rights, justifying the imposition of exemplary and punitive damages against the individual Defendants, in an amount to be determined according to proof at trial.

39. Dr. ABDULLAH also seeks reasonable attorney fees and costs under this claim pursuant to 42 *U.S.C.* § 1988.

# VI.
# FOR THE THIRD CAUSE OF ACTION
## (DR. MELINA ABDULLAH AGAINST DEFENDANTS BECK, And DOES 16 Through 20 For CONSTITUTIONAL SUPERVISOR LIABILITY 42 U.S.C. § 1983)

40. Dr. ABDULLAH incorporates by reference the allegations contained in paragraphs 1 through 39 above, as if fully set forth here.

41. Dr. ABDULLAH is informed and believes that her false detention, imprisonment and arrest was ratified by the CITY's supervisorial police officers, including Defendants BECK and DOES 16 through 20. She is informed and believes that each of the Defendants either personally participated in the constitutional violation described above, or there is a causal connection between each of the Defendants' actions and the constitutional violation.

42. Dr. ABDULLAH is informed and believes that Defendant CURTIS and DOES 1 – 15 have not been fired, suspended, or disciplined for falsely accusing Dr. ABDULLAH of grabbing CURTIS' arm in a harmful and offensive way. As such each of these Defendants has ratified CURTIS 'wrongful and malicious conduct.

43. Moreover, Dr. ABDULLAH is informed and believes that each of the Defendants BECK and DOES 16 through 20 was present at the May 8, 2018 Police Commission meeting when Dr. ABDULLLAH was wrongfully arrested, and is aware of the wrongfulness of her arrest. Each of the Defendants BECK and DOES 16 through 20 was present when Ms. Peake spoke at a subsequent Police Commission meeting explaining that **she** had in fact touched Defendant CURTIS' arm, though CURTIS had directed officers to arrest Dr. ABDULLAH.

12

Nevertheless, each of the Defendants BECK and DOES 16 through 20 intentionally, maliciously, and deliberately caused or ratified her prosecution.

44. Indeed, despite overwhelming evidence that Dr. ABDULLAH had **not** engaged in any criminally offensive conduct, the Defendants BECK, CURTIS, and DOES 1 through 20 intentionally and wrongfully promoted a false narrative against Dr. ABDULLAH in an effort to silence her vocal criticism of Defendant BECK, CURTIS, the Los Angeles Police Commissioners, and the LAPD.

45. As a legal result of the Defendants' actions and failures to act as described here, Dr. ABDULLAH has sustained serious damages and injuries to her mind, emotions, and reputation as a student of nonviolent, social and political activism, all in an amount to be determined according to proof at trial.

46. As a further legal result of the actions and failures to act as described here, Dr. ABDULLAH has retained counselors and advisors to examine, treat, and care for her. Thus, she has incurred costs and expenses for emotional counseling and treatment, all in an amount to be determined according to proof at trial.

47. Dr. ABDULLAH also seeks reasonable attorney fees and costs under this claim pursuant to 42 *U.S.C.* § 1988.

**WHEREFORE, Dr. MELINA ABDULLAH** prays for judgment against all Defendants as follows:

**FOR THE FIRST CAUSE OF ACTION**

1. For compensatory damages, in an amount to be determined according to proof at trial;
2. For exemplary and punitive damages against the individual defendants in an amount to be determined according to proof at trial; and
3. For attorney fees, costs, and expenses in an amount to be determined according to proof at trial pursuant to 42 *U.S.C.* § 1988.

## FOR THE SECOND CAUSE OF ACTION

1. For compensatory damages, in an amount to be determined according to proof at trial;
2. For exemplary and punitive damages against the individual defendants in an amount to be determined according to proof at trial; and
3. For attorney fees, costs, and expenses in an amount to be determined according to proof at trial pursuant to 42 *U.S.C.* § 1988.

## FOR THE THIRD CAUSE OF ACTION

1. For compensatory damages, in an amount to be determined according to proof at trial; and
2. For attorney fees, costs, and expenses in an amount to be determined according to proof at trial pursuant to 42 *U.S.C.* § 1988.

## FOR ALL CAUSES OF ACTION

1. For costs of suit; and
2. For such further other relief as the Court may deem just, proper and appropriate.

Dated: January 13, 2020     *DOUGLAS / HICKS LAW, APC*

By:     /s/ Carl E. Douglas
        **CARL E. DOUGLAS, ESQ.**
        Attorneys for Dr. MELINA ABDULLAH

//

## DEMAND FOR JURY TRIAL

Dr. MELINA ABDULLAH demands a trial by jury.

Dated: January 13, 2020          *DOUGLAS / HICKS LAW, APC*

                                 By:    /s/ Carl E. Douglas
                                        **CARL E. DOUGLAS, ESQ.**
                                        Attorneys for Dr. MELINA ABDULLAH