UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-01329-SVW-MAA | Date | August 2, 2021 |
|---|---|---|---|
| Title | *Melinah Abdullah v. City of Los Angeles et al.* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT [31]

## I.   Introduction

Before the Court is a motion for summary judgment filed by Defendants City of Los Angeles, Charles Beck, and Jason Curtis in this action brought under 42 U.S.C. § 1983. For the reasons stated below, the motion is GRANTED IN PART and DENIED IN PART.

## II.   Factual and Procedural Background

On May 8, 2018, Plaintiff Melinah Abdullah attended a meeting of the Los Angeles Police Commission at the headquarters of the Los Angeles Police Department. Declaration of Dr. Melinah Abdullah, Dkt. 37-1 ¶ 4. At that meeting, a woman named Sheila Brim approached then-Chief of Police Charlie Beck and threw a substance in his face that was believed to be the ashes of her deceased niece. Plaintiff's Response to Defendant's Statement of Uncontroverted Facts ("PF"), Dkt. 36 ¶ 9.

Defendant Detective Jason Curtis was assigned to staff the May 8 Commission meeting. Declaration of Jason Curtis, Dkt. 31-3 ¶ 2. After Chief Beck ordered Brim's arrest, Curtis approached the dais where she was standing. *Id.* ¶ 4. Curtis arrested Brim and began to escort her out of the meeting room. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-01329-SVW-MAA | Date | August 2, 2021 |
|---|---|---|---|

| Title | *Melinah Abdullah v. City of Los Angeles et al.* |
|---|---|

When Brim was being escorted, Plaintiff was standing in the walkway leading to the meeting room exit. *Id.* ¶ 4. Plaintiff had stood up and approached the walkway when another person, Jasmyne Richards, had been ordered to leave the meeting. *Id.* ¶ 3. Richards was standing in the left portion of the walkway and Plaintiff was standing in the right portion of the walkway. *Id.* There is no evidence in the record that Plaintiff was ever asked to leave the meeting or asked to clear the walkway.

Detective Curtis described the hearing at this point as "quite chaotic" with much "yelling and screaming and a lot of commotion taking place." *Id.* ¶ 5.

While escorting Brim through the walkway where Richards and Plaintiff were standing, Curtis felt someone grab his right arm. *Id.* ¶ 4. Curtis recounts in his declaration, "as I broke away and as I turned to my right towards the wall, I observed Plaintiff as the person that grabbed my arm." *Id.* He continues, "[b]ased upon the totality of the circumstances, I immediately believed that Plaintiff had both attempted to interfere with/obstruct my attempts to carry out my lawful duties and committed a battery." *Id.* ¶ 5. Plaintiff stated that she "never grabbed Defendant JASON CURTIS on his arm with a C-grip as he alleges, nor did he ever pull away to gain any release from my grasp." Abdullah Decl. ¶ 5.

The incident was captured on a camera carried by another officer. Declaration of Sergeant Miguel Barragan, Dkt. 31 ¶¶ 1-2. The footage is grainy, and the relevant portion lasts just seconds. The Court ordered the video footage enhanced, but the video still gives little clarity. Although it is clear that Plaintiff and Detective Curtis are in physical contact for some portion of time, it is not clear whether Plaintiff initiated that contact, and it cannot be discerned whether Plaintiff grabbed Detective Curtis.

Shortly thereafter, Detective Curtis directed another officer to arrest Plaintiff. Curtis Decl. ¶ 5. Plaintiff was arrested for battery on a peace officer and obstructing an officer. PSUF ¶ 13.

A witness who was standing next to Plaintiff during the incident, Gina Peake, states that she made contact with Detective Curtis's arm and Plaintiff never did. Declaration of Gina Peake, Dkt. 37-2 ¶ 9. Peake states that she told all the police officers within earshot that she was the person who had touched Detective Curtis rather than Plaintiff. *Id.* ¶ 14.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-01329-SVW-MAA | Date | August 2, 2021 |
|---|---|---|---|
| Title | *Melinah Abdullah v. City of Los Angeles et al.* | | |

Plaintiff's case was presented to the Los Angeles City Attorney's Office. Declaration of Peter Hsu, Dkt. 31-1 ¶ 12. A criminal complaint was filed against Plaintiff on September 29, 2020. PSUF ¶ 14. The complaint alleged two counts related to the May 18, 2018 incident, two counts related to a Police Commission meeting on August 15, 2017, and three counts related to a July 25, 2017 Police Commission meeting. *Id.*

Peter Hsu was assigned to the prosecution of Plaintiff. Prior to filing the complaint, Hsu "verified the account with Detective Curtis and he was certain that [Plaintiff] grabbed his arm." Hsu Decl. ¶ 11. Hsu stated that he made his charging decisions "after an independent review and evaluation of the underlying videos, reports and related evidence, without any input and/or pressure from members of the Los Angeles Police Department." *Id.* ¶ 16. Hsu personally reviewed the videos from the July 25, 2017 and August 15, 2017 Police Commission meetings. *Id.* ¶ 10.

On February 7, 2019, the parties in the criminal case entered into a Negotiated Disposition, which provided that that the charges would be dismissed in six months if Plaintiff complied with all terms and conditions. Ex. 1. The Disposition set terms for Plaintiff's participation in future Police Commission proceedings, which included that Plaintiff would be warned to cease disruption before being asked to leave. *Id.* Six months later, the criminal case was dismissed. Ex. 2.

This lawsuit followed. Plaintiff's complaint asserts three causes of action under 42 U.S.C. § 1983: 1) false arrest, 2) malicious prosecution, and 3) "constitutional supervisor liability" against former LAPD Chief Beck.

### III.  Legal Standard

#### a.  Summary Judgment

Summary judgment should be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of . . . [the factual record that] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-01329-SVW-MAA | Date | August 2, 2021 |
|---|---|---|---|
| Title | *Melinah Abdullah v. City of Los Angeles et al.* | | |

party satisfies its initial burden, the non-moving party must demonstrate with admissible evidence that genuine issues of material fact exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ("When the moving party has carried its burden under Rule 56 . . . its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.").

A material fact for purposes of summary judgment is one that "might affect the outcome of the suit" under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

### IV. Application

#### a. Probable Cause

All of Plaintiff's claims turn on her allegation that she was arrested, and prosecuted, without probable cause.

The Court has reviewed the video footage carefully. It cannot be genuinely disputed that Plaintiff and Detective Curtis were in physical contact for a period of no more than a second or two as Detective Curtis was passing Plaintiff in the walkway. However, that alone would not give rise to probable cause to arrest Plaintiff for battery or obstructing an officer. *See* Cal. Pen. Code § 242 (defining battery as "any willful and unlawful use of force or violence upon the person of another); *id.* § 148(a)(1) (prohibiting "willfully resist[ing], delay[ing], or obstruct[ing] any ... peace officer ... in the discharge or attempt to discharge any duty of his or her office or employment").

Both offenses are general intent crimes. *See In re B.L.*, 239 Cal. App. 4th 1491, 1495 (2015) (battery); *In re Mohammed C.*, 95 Cal. App. 4th 1325, 1329 (2002) (obstruction). They require "intent to do the act involved, not an intent to cause a resulting harm." *People v. Miranda*, 62 Cal. App. 5th 162, 176 (2021) (citation omitted). While "the least touching may constitute battery," *People v. Myers*, 61 Cal. App. 4th 328, 335 (1998), there must be evidence "that the touching [is] willful and that it [is] harmful or offensive," *People v. Francis A.*, 40 Cal. App. 5th 399, 407 (2019).

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-01329-SVW-MAA | Date | August 2, 2021 |
| Title | *Melinah Abdullah v. City of Los Angeles et al.* | | |

The video does not conclusively establish that Detective Curtis had probable cause to arrest Plaintiff for battery or obstruction. A trier of fact could conclude the video does not show Plaintiff "grab" Detective Curtis, as he reported he felt. Curtis Decl. ¶ 4. A trier of fact could conclude the video shows that Detective Curtis could not have reasonably believed he felt intentional contact from Plaintiff that is harmful or offensive or that he observed an intentional act by Plaintiff that constituted resistance, delay, or obstruction. *See People v. Francis A.*, 40 Cal. App. 5th 399, 406-10 (2019) (no substantial evidence supported battery or obstruction convictions where defendant brushed officer's hand by moving away and officer did not issue clear command which defendant disobeyed).

Therefore, although it is a close question, the Court cannot conclude as a matter of law that Plaintiff's arrest was supported by probable cause. *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1022 (9th Cir. 2008) ("Where the facts or circumstances surrounding an individual's arrest are disputed, the existence of probable cause is a question for the jury." (citation omitted)).

### b. Malicious Prosecution – Favorable Termination Elements

Defendants argue that Plaintiff's claim for malicious prosecution is barred because the criminal case against Plaintiff did not terminate favorably. The Court agrees.

"Federal courts rely on state common law for elements of malicious prosecution." *Mills v. City of Covina*, 921 F.3d 1161, 1169 (9th Cir. 2019) (citation omitted). "California law requires a plaintiff claiming malicious prosecution to establish 'that the prior action (1) was commenced by or at the direction of the defendant and was pursued to legal termination in his, plaintiff's, favor; (2) was brought without probable cause; and (3) was initiated with malice.'" *Id.*

A plaintiff bringing a malicious prosecution claim "must generally establish that the prior proceedings terminated in such a manner as to indicate his innocence." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1068 (9th Cir. 2004) (citations omitted). "[I]f the resolution of the underlying action leaves some doubt concerning plaintiff's innocence of liability, it is not a favorable termination." *Mills*, 921 F.3d at 1171 (citation omitted).

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-01329-SVW-MAA | Date | August 2, 2021 |
|---|---|---|---|
| Title | *Melinah Abdullah v. City of Los Angeles et al.* | | |

"[A] dismissal in the interests of justice [constitutes favorable termination] if it reflects the opinion of the prosecuting party or the court that the action lacked merit or would result in a decision in favor of the defendant." *Awabdy*, 368 F.3d at 1068 (citations omitted).

Here, the charges against Plaintiff were dismissed by the prosecutor in the interests of justice. Nothing in the record reflects an opinion by the prosecutor or the Superior Court that Plaintiff was actually innocent of the charges. At the very least, the record leaves some doubt as to Plaintiff's innocence. Accordingly, Plaintiff has failed to show that the criminal proceedings terminated favorably.

Plaintiff's only argument to resist this conclusion is that the Negotiated Disposition had terms that were favorable to her. Dkt. 34, at 9-15. The Negotiated Disposition provided that, in future Police Commission meetings, Plaintiff would be warned before she was asked to leave, and she would be given an opportunity to leave voluntarily before being forcibly removed.

However, these terms suggest a compromise among the parties to the criminal case that balanced Plaintiff's interest in protest and participation with the City's interest in conducting orderly Commission meetings. None of these terms reflect Plaintiff's actual innocence of the charges.

Defendants are thus entitled to summary judgment on Plaintiff's malicious prosecution claim.

c. **Causation – Presumption of Independent Judgment**

Defendants argue that the presumption of independent judgment cuts off Detective Curtis's liability. While the Court agrees, the Court concludes the application of this presumption only limits Detective Curtis's damages and does not require judgment in his favor on the false arrest claim.

In *Smiddy v. Varney (Smiddy I)*, the Ninth Circuit held that the "[f]iling of a criminal complaint immunizes investigating officers such as the appellants from damages suffered thereafter because it is presumed that the prosecutor filing the complaint exercised independent judgment in determining that probable cause for an accused's arrest exists at that time." 665 F.2d 261, 266 (9th Cir. 1981), *overruled on other grounds by Beck v. City of Upland*, 527 F.3d 853 (9th Cir. 2008). "If charges are filed, *Smiddy* protects the officers unless such evidence shows that officers interfered with the prosecutor's judgment

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-01329-SVW-MAA | Date | August 2, 2021 |
| Title | *Melinah Abdullah v. City of Los Angeles et al.* | | |

in some way, by omitting relevant information, by including false information, or by pressuring the prosecutor to file charges." *Newman v. Cnty. of Orange*, 457 F.3d 991, 995 (9th Cir. 2006). This presumption applies to false arrest claims. *See Beck*, 527 F.3d at 861 n.7 ("The *Smiddy I* presumption has ... been applied in both false arrest and malicious prosecution cases.").

Here, Plaintiff has failed to put forth sufficient facts to rebut the presumption. "To rebut the presumption of independent judgment and to survive summary judgment ... a plaintiff must provide more than an account of the incident in question that conflicts with the account of the officers involved." *Newman*, 457 F.3d at 995.

The case law is clear that Plaintiff's declaration cannot by itself rebut the presumption. *See id.* at 994 (citing *Sloman v. Tadlock*, 21 F.3d 1462, 1474 (9th Cir. 1994)).

Nor does the Peake declaration create a triable issue that Detective Curtis engaged in the kind of conduct that would rebut the presumption. The Peake declaration confirms that Detective Curtis was touched amid the chaotic scene in the walkway. Peake Decl. ¶ 9. While Peake states that Plaintiff did not touch Detective Curtis, *id.* ¶ 10, that statement is contradicted by the video, which makes clear that Plaintiff was in contact with Detective Curtis for some period of time.

At most, the declaration creates a triable issue that Detective Curtis was negligent in forming a belief that Plaintiff was the one who had grabbed him and that officers were negligent in failing to recognize the relevance of Peake's statements at the scene that she was the one who touched Detective Curtis. Rebutting the presumption, however, requires more than negligence. *See Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 663-64 (9th Cir. 2007) ("[T]o withstand summary judgment, Galen must show that Sergeant Barrier or Deputy Heinrich *deliberately or recklessly* misled the Commissioner, and that his bail would not have been unconstitutionally excessive but for the officers' misrepresentations." (emphasis added)); *Smiddy v. Varney (Smiddy II)*, 803 F.2d 1469, 1472 (9th Cir. 1986) ("*Smiddy I* did not authorize the district court to hold that *negligent* police investigation invariably creates an unbroken chain of causation making the officers liable for all harm following the arrest." (emphasis added)); *cf. Caldwell v. City and Cnty. of San Francisco*, 889 F.3d 1105, 1118 (9th Cir. 2018) ("[W]e conclude that [Plaintiff] raises a triable issue as to causation for both the allegedly fabricated identification and allegedly falsified statements...."); *Awabdy*, 368 F.3d at 1068 ("On the basis of the allegations in his

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-01329-SVW-MAA | Date | August 2, 2021 |
| Title | *Melinah Abdullah v. City of Los Angeles et al.* | | |

complaint, [Plaintiff] may be able to prove that the defendants' *knowingly* false accusations ... were instrumental in causing the filing and prosecution of the criminal proceedings." (emphasis added)).[1]

Even if the Peake declaration did suffice to rebut the presumption, the Court would still conclude that Plaintiff has failed to raise a triable issue that Detective Curtis is liable for Plaintiff's post-complaint damages. Plaintiff was not only charged with conduct relating to her May 8, 2018 arrest – she was also charged with conduct relating to two prior Police Commission meetings on August 15, 2017 and July 25, 2017. Hsu Decl. ¶ 15. Those charges resulted from the prosecutor's independent review of video footage from Commission meetings. *Id.* ¶¶ 10, 16. Even if that earlier conduct would not have led to charges if Detective Curtis had not arrested Plaintiff on May 8, 2018, the prosecutor's decision to charge Plaintiff for that earlier conduct constitutes an intervening cause immunizing Detective Curtis from liability for subsequent damages under the logic of *Smiddy I*. *Cf. Smith v. Kelly*, 2013 WL 5770337, at *16 (W.D. Wash. 2013) (concluding that an officer could be liable for damages resulting from a false arrest and illegal search but could not be compensated for damages after incriminating evidence was

---

[1] In its research on this issue, the Court identified *Blankenhorn v. City of Orange*, 485 F.3d 463 (9th Cir. 2007). In *Blankenhorn*, the Ninth Circuit reversed a district court's grant of summary judgment for an officer who had reported to a prosecutor that the plaintiff yelled out that he was a member of a gang. *Id.* at 469, 483. A witness provided a declaration stating that he "never heard [Plaintiff] say or yell out that he was" a member of the gang. *Id.* at 483. The court concluded this was sufficient to rebut the presumption of independence at summary judgment. *Id.*

*Blankenhorn*, however, is distinguishable. While the witness in *Blankenhorn* made a specific denial that the plaintiff had made a particular statement, Peake's declaration here contains a more generic statement that Plaintiff "did not touch the officer at any point," Peake Decl. ¶ 10, without explaining how she was able to see the entire encounter. This is the kind of "conclusory allegation" of falsehood that is insufficient to rebut the presumption. *Newman*, 457 F.3d at 995 (quoting *Sloman v. Tadlock*, 21 F.3d 1462, 1474 (9th Cir. 1994)). Moreover, the officer's statement in *Blankenhorn* – whether a person did or did not blurt out a specific statement – is not the kind of information about which an officer could be mistaken. By contrast, Detective Curtis may have been mistaken about who touched him or what level of contact occurred. Therefore, an inconsistent witness account might rebut the presumption in *Blankenhorn* without doing so here.

Although the *Blankenhorn* Court did not make this point explicit, given the state of the law and its citations, the *Blankenhorn* Court must have concluded that a triable issue existed as to whether the officer deliberately or recklessly misled the prosecutor. *Blankenhorn* cited and distinguished *Sloman*, which found insufficient "evidence of ... *fabrication*" to rebut the presumption. 21 F.3d at 1474 (emphasis added). Here, the Court concludes that no evidence in the record at this stage supports fabrication, whether intentional or reckless.

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-01329-SVW-MAA | Date | August 2, 2021 |
| Title | *Melinah Abdullah v. City of Los Angeles et al.* | | |

uncovered during that search which led a prosecutor to file charges (relying on *Smiddy I* and *Townes v. City of New York*, 176 F.3d 138 (2d Cir. 1999)); *Barts v. Joyner*, 865 F.2d 1187, 1195 (11th Cir. 1989) ("[W]e hold that defendants can be liable only for the damages suffered by [Plaintiff] during the approximately three hours she spent at police headquarters before she confessed ... [but not] to damages [after her confession] for her criminal trials, conviction, [and] incarceration...." (citing *inter alia Smiddy II*, 803 F.2d 1469 (1986)).

The Court notes that its conclusion regarding post-complaint damages does not require summary judgment as to Plaintiff's false arrest claim in its entirety. Plaintiff was arrested on May 8, 2018, but she was not criminally charged until September 29, 2020. Hsu Decl. ¶¶ 12-13. Plaintiff's damages at the moment of arrest and during the nearly five months that followed did not result from any intervening act of a prosecutor. Accordingly, Plaintiff may still seek damages resulting from her May 8, 2018 arrest and during the ensuing months before charges were filed. *See Smiddy II*, 803 F.2d at 1470, 1473 (remanding to recalculate damages for the four days between Plaintiff's arrest and the filing of charges).

### d. Qualified Immunity

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citation omitted). "An official sued under § 1983 is entitled to qualified immunity unless it is shown that the official violated a statutory or constitutional right that was 'clearly established' at the time of the challenged conduct." *Plumhoff v. Rickard*, 572 U.S. 765, 778 (2014) (citation omitted). The right must be clearly established not in the abstract but "in light of the specific context of the case." *Scott v. Harris*, 550 U.S. 372, 377 (2007) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

Defendants argue that they are entitled to qualified immunity. However, triable issues preclude qualified immunity because a trier of fact could conclude on this record that Detective Curtis arrested Plaintiff without probable cause under an obvious application of clearly established Fourth Amendment principles. *See Harper*, 533 F.3d at 1022 ("An arrest without probable cause violates the Fourth Amendment.... Probable cause to arrest exists when 'officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe an offense has been or is being

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-01329-SVW-MAA | Date | August 2, 2021 |
| Title | *Melinah Abdullah v. City of Los Angeles et al.* | | |

committed by the person being arrested." (citations omitted)). Accordingly, qualified immunity is inappropriate at this stage.

### e. Claims Against Defendant Charles Beck

Defendants argue that summary judgment should be granted in favor of former LAPD Chief Beck because no evidence supports his liability as a supervisor. Plaintiff does not point to any evidence in opposition. *See generally* Dkt. 34. Accordingly, the Court deems the claim against Beck abandoned and grants summary judgment in Beck's favor.

### V. Conclusion

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART the motion for summary judgment.

IT IS SO ORDERED.

| | : | |
|---|---|---|
| Initials of Preparer | PMC | |